McINNIS, Judge.
This is a suit for damages to a Studebaker automobile owned by plaintiff, as a result of a collision with a truck owned by defendant Andrews, and being operated at the time by his employee, Isaac S. Links, at the intersection of Linwood and Hollywood avenues in the city of Shreveport. The other defendant is Texas Mutual Insurance Company, Andrews’ public liability insurer.
The accident happened at 11:05 a. m. January 26, 1952. Plaintiff says that the collision was solely and proximately caused by the negligence of the agent, Links, in failing to keep the truck under proper control, failing to keep a proper lookout, making a left turn without first determining that it could be made in safety, failing to apply his brakes and stopping before making a left turn, failing to give a signal of his intention to turn left, failing to yield the right-of-way to plaintiff whom he saw or should have seen, and cutting short instead of waiting until he reached the intersection to turn left.
*245 The answer of defendants denies any negligence on the part of the truck driver and says that the collision and resulting .damage was caused hy the fault of plaintiff in driving too fast, not having proper control of his automobile, not keeping a proper lookout, approaching the intersection at an unlawful and dangerous speed, and failing to see .the truck making a slow left turn, in time to have stopped, and thus avoid the accident, and entering the intersection after it had been preempted by the truck, and alternatively that if any negligence is attributed to the driver of the truck, plaintiff was also guilty of all or some of the acts of negligence, charged, and cannot recover by reason of his contributory negligence.
After trial on the merits the district judge, assigning written reasons, found in' favor of plaintiff, and as the amount of damages to the automobile and coverage by the insurer had been stipulated, awarded the amount sued for against the defendants in solido.
From this judgment the defendants prosecute a suspensive appeal.
The finding of fact by the district judge is fully supported by 'the evidence, and we quote his finding:
“The evidence is practically uncon-tradicted and shows the following: Linwood Avenue is thirty-six feet wide and runs east and west; that plaintiff was proceeding north at a rate of approximately thirty miles per hour; that defendant’s truck was driving south, following another ve-hide which turned left onto Hollywood Avenue, and the driver of defendant’s truck did not see plaintiff’s automobile approaching from the south, but began his left-hand turn into Hollywood following the other vehicle, some thirty feet north of the intersecting line, and had just entered the intersection when plaintiff’s automobile from the south struck defendant’s truck at a-time when it was about two or three feet from the northeast corner of the intersection. The defendant’s driver testified that plaintiff’s vehicle was no where in sight when he made his left-hand turn, from which he assumed that plaintiff’s vehicle must have been traveling at a terrific rate of speed to have struck him at the time and place- mentioned, and from the further fact that the skid marks of plaintiff’s automobile were visible fifty feet from the point of impact.
“We find from the evidence and physical facts that plaintiff was traveling at approximately thirty miles per hour; that defendant’s truck started to make the left-hand turn without the driver ascertaining that he could do so in safety.”
Appellants have cited a number of cases which it is contended support the proposition that plaintiff was negligent, especially as to speed. They admit that what was said in Fidelity & Guaranty Fire Corp. v. Ritter, La.App., 37 So.2d 349, to the effect that making a left turn on a much traveled highway is a dangerous operation, and responsibility for seeing that the turn can be made is on the one making the turn is a correct statement of the law, however, they cite Kelly v. Neff, La.App., 14 So. 2d 657, 660, holding that a motorist is not required to wait until there is no traffic in sight before making a left turn, but that “He has the unquestioned right to move after he has made a close and careful survey of traffic conditions about him and honestly believes * * * .that conditions warrant such action”. (Emphasis ours.)
In a supplemental brief counsel for appellants finds fault with the reasons for judgment of the district court in citing in support of its conclusion the case of Samples v. Strait, La.App., 36 So.2d 856, and in his finding of the distance required to stop when traveling at thirty miles per hour.
It is true that the facts in the Samples v. Strait case, supra, are not exactly the same as .those of the instant case, however each of such cases as this must ultimately be resolved on its own facts.
As to the finding of the distance required to stop a car traveling at thirty mile's per hour, it is immaterial here, under the evi *246 dence of the truck driver, Links, because he claims he did not see plaintiff's automobile at all, and he says his vision was not obstructed at all by the truck that was in front of him as it made its left turn. There is no showing here that Links made any “close and careful survey of traffic conditions about him” before undertaking the left turn.
We believe the law, as applied to the facts of this case, is preponderantly in favor of the conclusion that the negligence of Links, the truck driver, was the proximate cause of the collision and resulting-damage.
For these reasons the judgment appealed from is affirmed at the cost of appellants in both courts.