ELLIS, Judge.
Plaintiff and his insurer brought this suit against J. C. White and his wife, Mrs. Al-meda T. White, for damages suffered as a result of an automobile collision which occurred in July of 1951 on U. S. Highway 190 at Baptist, Louisiana. White’s car, a community vehicle, was being driven by his wife accompanied by their two children, both of whom were injured, and by his mother who was killed.
It was alleged that the sole cause of the collision was the gross negligence of the driver of the White car, Mrs. White, in turning to her left in the face of on-coming traffic.
Both Mr. and Mrs. White were joined in the suit, exceptions were filed and the lower court sustained the exceptions insofar as Mrs. White was concerned, and the suit was dismissed against her. An appeal was taken upon this ruling and same was affirmed.
Plaintiffs then amended the petition herein to include Mrs. Hardy Ellis, wife of the original plaintiff, seeking recovery of that portion of the original claim, $5,000, as her separate property for her personal injuries.
The defendant, J. C. White, filed answer denying any liability and reconvening for damages, contending the collision was due to the negligence of the driver of the Ellis car.
The lower court rendered judgment in favor of the plaintiffs, in amounts to be discussed later, and dismissed the reconven-tional demand. The defendant has appealed.
The White car was proceeding west on Highway 190, having turned into this highway at an intersection about 200 feet east of the scene of the accident. When this vehicle reached a tourist court about 200 feet west of the intersection, the driver, Mrs, White, attempted to turn left and go to this *611 court so that her mother-in-law could visit a friend residing there.
Mrs. White testified she looked into her rear vision mirror and saw a truck approaching from her rear, that she gave a signal for a left hand turn and attempted to go across the south lane of the highway.
The Ellis car, driven by its owner who was accompanied by his wife, both plaintiffs herein, was headed east in the south lane of traffic, and the pictures introduced in evidence as well as the verbal testimony show that the Ellis car collided head-on with the right front side of the White vehicle.
The lower court stated, in written reasons for judgment, that the evidence clearly proved the White car was struck as it was turning into the south lane of traffic. Also the lower court was of the opinion that Mrs. White was paying more attention to the truck approaching from her rear than she was to the on-coming traffic. She did testify that she saw the Ellis car approaching but that she thought she had time to cross the highway in safety. According to these reasons it was concluded that Mrs. White was negligent in turning left without being reasonably sure that the other lane was clear, and that her negligence was the sole cause of the accident, there being no contributory negligence on the part of the driver of the Ellis car. We agree with the finding of the Lower Court.
Two possible defenses were offered. The defendant contends that the plaintiff’s car was traveling at an unlawful rate of speed which contributed to the accident. The lower Court found that the only testimony as to the speed of the plaintiff’s car at the time of the collision was given by the plaintiffs themselves, and this was set at between 45 and 50 miles per hour. There is some evidence that Ellis was traveling at a high rate of speed a mile or so west of the scene of the accident, but he denies this. It was not proven that the Ellis car was traveling at an excessive rate of speed at the time of the accident, and finding no manifest error in the ruling of the trial court upon this point we must conclude that there was no contributory negligence on the part of the plaintiff, Ellis, and consequently, none to be imputed to his wife, who was a guest passenger.
The cases are legion that a motorist in making a left turn must exercise the highest degree of caution before attempting it and places the responsibility for seeing that such a maneuver can be made in safety upon the one desiring to make it. Some of the later cases upon this point are Day v. Roberts, La.App., 55 So.2d 316; Codifer v. Occhipinti, La.App., 57 So.2d 697; and Mynes v. Andrews, La.App., 61 So.2d 244. This Court discussed the rule in Malone v. Fletcher, La.App., 44 So.2d 352.
The other defense offered was that the co-defendant husband, White, was not responsible for the tort of his wife; that she was not upon a community mission and consequently he, as head of the community, was not responsible for the damages caused by her negligent operation of the community automobile.
While it is true the jurisprudence formerly was to the effect a husband was not responsible under such circumstances, our later decisions are uniform that the wife is entitled, as a partner of the community, to the use of the family car, and that he, as head of the community, is liable for any tort she may commit while so using it. See Brantley v. Clarkson, 217 La. 425, 46 So.2d 614; Alpaugh v. Krajcer, La.App., 57 So.2d 700.
The lower court awarded the insurer of plaintiff’s car $603.74, which was the amount of the repairs, less $50 deductible. Mr. Ellis, the plaintiff driver, was awarded $500 for personal injuries, $606 medical bills and $50 covering the deduction from his insurance, or a total of $1156. Mrs. Ellis was awarded $2,000 for her personal injuries which'the District Judge correctly described as follows:
“Mrs. Ellis suffered bruises on her arms, and her leg was severely bruised, had an acute inflammatory appearance and was diagnosed as cellulitis. It was necessary to graft some skin on the wound. She was at *612 Wiginton Infirmary for four days. She was in a hospital for eleven days when the skin graft operation was performed. She later had to go back for another skin graft .operation and was hospitalized for 9 days. She was under a doctor’s care from July 26, 1951 until March 4, 1952. .Her doctor says she will have a 5% permanent total disability of her left leg due to muscle inactivity. She will have to wear a protective garment and take more than ordinary care of her injured leg.”
The plaintiffs have not answered this appeal and in fact their counsel in his brief states the appraisal of damages by the lower court was fair and should be affirmed. Strange to say there is no complaint as to the quantum in the defendant’s brief. Consequently, the quantum will not be discussed nor disturbed.
For the reasons assigned, the judgment of the District Court is affirmed at the cost of the defendant.