311 So.2d 566 (1975)
STAR DUSTERS, INC., Plaintiff-Appellant,
v.
Joseph LEE, Defendant-Appellee.
No. 4986.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*567 Thistlethwaite & Thistlethwaite by Hugh William Thistlethwaite, Jr., Opelousas, for plaintiff-appellant.
C. Kenneth Deshotel, Opelousas, for defendant-appellee.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
FRUGE, Judge.
Plaintiff appeals a judgment rejecting its demands and granting judgment in favor of the defendant on his reconventional demand. We affirm.
Plaintiff, Star Dusters, Inc., filed suit against the defendant, Joseph Lee, claiming that the latter's negligent operation of his automobile resulted in damage to the plaintiff's vehicle in the amount of $466.96. Plaintiff alleged that on September 22, 1973, its employee, James A. Vige, was driving a 1968 Chevrolet truck belonging to the plaintiff. At the time the employee was acting in connection with the plaintiff's business. Vige was traveling along Louisiana Highway 182 in St. Landry Parish in a northerly direction, and intended to make a left turn into a private drive. He was followed by three vehicles, the last of which was driven by the defendant. As Vige turned from Highway 182 into the private drive his vehicle was struck on the left side by the defendant's vehicle as the latter was attempting to pass a line of cars ahead of him. The plaintiff alleged negligence on the part of the defendant in passing improperly, in failing to maintain a proper lookout, and in failing to have his vehicle under control. The defendant answered and reconvened to recover the damages caused to his vehicle as a result of the alleged negligence of the plaintiff's employee. He alleged negligence on the part of Vige in failing to keep a proper lookout and in failing to yield the right of way to the defendant who was already in the left lane at the time. He alleged total damages in the amount of $5,025.35.
After trial on the merits, judgment was rendered rejecting the demands of the plaintiff. Judgment was rendered in favor of the plaintiff in reconvention in the *568 amount of $1,266.62, for the damages caused to his automobile. The plaintiff then filed a motion for a new trial. Argument was had on the motion followed by denial by the trial judge. A suspensive appeal was then lodged by the plaintiff.
The record in this case supports the finding that Lee had traveled for some period of time behind the slow-moving vehicles in front of him. The posted speed was 60 miles per hour, and the line of vehicles led by Vige was traveling between 20 and 30 miles per hour. After observing no turn signals and no turning points in the road ahead, Lee started passing the three vehicles in front of him. He moved into the left lane and passed the two vehicles between his car and the truck driven by Vige and was about to pass the truck when Vige began turning into the private drive to the left of the highway. Vige testified that he had given both a hand signal and a mechanical signal indicating that he was turning left. Lee testified that he did not see the signal. The testimony of the passenger in the truck driven by Vige and the testimony of the driver following the truck is that they did not recall seeing a signal given prior to the turning maneuver, although the signal was on after the accident.
The evidence supports a finding that Vige was negligent in the manner in which he made his left turn. Lee had already moved into the left lane and passed the two cars between his car and the truck driven by Vige and was in the process of passing the truck when Vige turned into the left lane. At this point it was encumbent upon Vige to ascertain that the way was clear before turning into the left lane. His negligence was in failing to ascertain that the way was clear for his turning maneuver. We find support for this conclusion of law in Sonnier v. Hardware Mutual Casualty Company, 242 So.2d 900 (La. App.3rd Cir. 1971). The duty of the left-turning motorist is stated as follows:
"A motorist who attempts to make a left turn on a public highway is required to ascertain in advance that the way is clear, and that the turn can be made safely and without endangering overtaking or oncoming traffic. His failure to make such a determination and to exercise the required degree of caution before undertaking to make such a turn constitutes negligence." 242 So.2d at 902.
Under the facts of the present case the driver of the plaintiff's truck was under a duty to ascertain that there was no oncoming or overtaking traffic in the left lane. He failed to fulfill this duty and the result was the damages received by the plaintiff in reconvention. We also find that the record supports the conclusion that Lee was not contributorily negligent. We find no manifest error in the judgment rendered by the trial court.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant's cost.
Affirmed.