993 So.2d 216 (2008)
William BOYD
v.
The WACKENHUT CORPORATION, Joseph Deville, and American Home Assurance Company.
No. 2008-C-1388.
Supreme Court of Louisiana.
October 24, 2008.
PER CURIAM.
WRIT DENIED, IN PART, AND GRANTED, IN PART. The appellate court reversed the trial court when it concluded the lower court erred in finding that no questions of material fact remained and that defendants were entitled to judgment as a matter of law. Accordingly, to that extent we deny relators' writ application. However, the appellate court erred when it commented on its appreciation of the alleged fault Mr. Deville bore in causing this accident. See Boyd v. Wackenhut Corp., 08-66 (La.App. 3 Cir. 5/28/08), 983 So.2d 1017, 1021 (finding that "the accident was caused in part, if not entirely, by the fault of Mr. Deville."). Because a trial on the merits has not yet occurred and the determination of fault is solely within the province of the trier of fact, the appellate court should not have commented on the alleged fault, if any, that was attributable to Mr. Deville. Instead, the appellate court should have simply reversed the trial court's grant of summary judgment and remanded the matter to the trial court for further proceedings. Therefore, we grant relators' writ application to clarify that the *217 determination of fault and its allocation among the parties are issues to be determined on remand in the trial court; the appellate court's comment on these issues is purely obiter dicta and is not binding.