## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-207

WILLIAM BOYD

VERSUS

THE WACKENHUT CORPORATION, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON DAVIS, NO. C-602-00
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and David E. Chatelain,[*] Judges.

**AFFIRMED.**

Cooks, J., dissents and assigns written reasons.


**Frank S. Bruno, Attorney at Law**
**855 Baronne Street**
**New Orleans, LA 70113**
**Counsel for Plaintiffs/Appellants:**
    **Joyce Boyd, Marie Lindsey, Betty Jones, Robert Boyd, and Edward Boyd**

**Bernard Marcantel, Attorney at Law**
**302 E. Nezipque Street**
**Jennings, LA 70546**
**Counsel for Plaintiffs/Appellants:**
    **Joyce Boyd, Marie Lindsey, Betty Jones, Robert Boyd, and Edward Boyd**

**Samuel B. Gabb, Attorney at Law**
**1123 Pithon Street**
**Lake Charles, LA 70601**
**Counsel for Defendants/Appellees:**
    **The Wackenhut Corporation, Joseph Deville,**
    **and American Home Assurance Company**
**PAINTER, Judge.**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Plaintiffs, the heirs of William Boyd, appeal the trial court's judgment finding a passing motorist one hundred percent at fault in causing the accident at issue and dismissing Plaintiffs' claims. For the following reasons, we affirm the trial court's judgment in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

This accident occurred on August 18, 1999. On June 13, 2006, Mr. Boyd died from causes unrelated to the subject accident, and his mother, Leona Boyd, was substituted as Plaintiff. Ms. Boyd died before a trial could take place. Therefore, Mr. Boyd's siblings, Joyce Boyd, Marie Lindsey, Betty Jones, Robert Boyd, and Edward Boyd, were substituted as Plaintiffs.

The matter was previously before this court, *Boyd v. Wackenhut Corp*., 08-66 (La.App. 3 Cir. 5/28/08), 983 So.2d 1017, *writ granted in part and denied in part*, 08-1388 (La. 10/24/08), 993 So.2d 216, and we stated the facts as follows:

> This matter arises out of a motor vehicle accident that took place on August 18, 1999, at approximately 12:10 p.m. on Louisiana Highway 14 in Jefferson Davis Parish. William Boyd, then an inmate of the Wackenhut facility prison (Allen Correctional Center) in Kinder, Louisiana, was assigned to a prison work detail picking up trash along Highway 14 on the date in question.
>
> As lunchtime approached, Boyd and the other inmates were told to load up their tools and to get into the prison van so that they could find a place to eat their lunch. Joseph Deville, an employee of Wackenhut, was the driver of the prison van. Attached to the van was a sixteen-foot trailer that was used to carry tools and supplies needed for the work detail. Immediately following the van and trailer was a dump truck, owned by the State of Louisiana, in which the inmates would load trash bags as they were filled. Upon finding a shady spot on the left side of Highway 14, Mr. Deville began to slow down and exit the highway to his left. As he did so, the left rear of the van was struck by a vehicle being driven by Rosalind Broussard as she was attempting to pass the vehicles ahead of her.
>
> Claiming to have suffered severe personal injuries as a result of the accident, Boyd filed suit against the following defendants: Wackenhut, lessor of the van in which Boyd was a guest passenger; American Home, the alleged automobile liability insurer of Wackenhut; Mr. Deville; Ms. Broussard; and State Farm Mutual Automobile Insurance Company (State Farm), the alleged automobile liability insurer of Ms. Broussard. Boyd later dismissed his claims against Ms. Broussard and State Farm, having settled with those parties.
>
> In July of 2007, a motion for summary judgment was filed by Wackenhut and Mr. Deville seeking dismissal of plaintiff's claims on

2

the basis that the accident was caused solely by the negligence of Ms. Broussard, the driver of the overtaking automobile. Specifically, defendants submitted that because Mr. Deville had turned on his left-turn signal, slowed down, and looked ahead of and behind his vehicle for approaching traffic prior to beginning his left turn, he had satisfied all of the legal duties imposed upon a left-turning motorist. They argued that because plaintiff will be unable to prove that Mr. Deville breached a legal duty owed to Mr. Boyd, both he and his employer, Wackenhut, were entitled to summary judgment in their favor.

In support of their motion, defendants attached excerpts from the depositions of Mr. Deville, Ms. Broussard, and Wayland Istre, the driver of the dump truck following the prison van. Defendants also submitted a true copy of a Minute Entry of the Thirty-First Judicial District Court, Jefferson Davis Parish, Louisiana, dated September 18, 1999, indicating that Ms. Broussard had pled guilty to the charge of improper passing.

Plaintiff filed an "Objection to Motion for Summary Judgment" in which she argued that the evidence showed that Ms. Broussard had to pass an eighteen wheeler and the dump truck before reaching Mr. Deville's van. Plaintiff pointed to the deposition testimony of the dump truck driver who stated that he looked in his rearview mirror just before the accident, and he noticed Ms. Broussard's car coming around the curve, located approximately twenty to thirty yards behind the eighteen wheeler. Adding that distance to the length of the eighteen wheeler, the dump truck, and the van, along with the sixteen-foot trailer the van was pulling, plaintiff suggests that Ms. Broussard's vehicle was visible for about 150 feet prior to the occurrence of the accident. Therefore, plaintiff submitted that Mr. Deville failed to see what he should have seen, and, thus, his negligence was the sole cause of the accident. Accordingly, plaintiff argued that defendants' motion for summary judgment should be denied and that a jury should be allowed to determine the fault of defendants. Plaintiff attached to her opposition the complete depositions of Mr. Deville, Ms. Broussard, and Mr. Istre.

Following a hearing, the trial court granted defendants' motion for summary judgment and dismissed all of plaintiff's claims against them with prejudice, at plaintiff's cost.

*Id.* at 1018-20.

This court then reversed the trial court's grant of summary judgment and remanded the matter to the trial court for "a determination of the proper allotment of fault between Mr. Deville and Ms. Broussard." *Id.* at 1021. Our opinion, however, stated that "[c]learly, the accident was caused in part, if not entirely, by the fault of Mr. Deville." The Supreme Court granted Plaintiffs' application for writs and noted that this court should not have commented on the fault of Mr. Deville and should have simply reversed the summary judgment and remanded to the trial court. *Boyd v. Wackenhut Corp.*, 08-1388 (La. 10/24/08), 993 So.2d 216.

3

On remand, Plaintiffs stipulated that their decedent's damages did not exceed $50,000.00, and the matter proceeded to bench trial. Following the trial, the court entered judgment in favor of Defendants and dismissed Plaintiffs' claims. The trial court found Ms. Broussard was one hundred percent at fault in causing the accident. Defendants answered the appeal, asserting that the trial court erred in failing to grant their motion for involuntary dismissal at the close of Plaintiffs' case and in admitting the depositions of Wayland Istre and Mr. Deville into the record at the time Defendants made the motion for involuntary dismissal after initially disallowing the introduction of said depositions.

We now affirm the trial court's judgment in its entirety.

**DISCUSSION**

The allocation of fault by the trier of fact is a factual finding subject to the manifest error of review. *Cheairs v. State ex rel. Dep't of Transp. and Dev.*, 03-680 (La. 12/3/03), 861 So.2d 536. We must employ a two-tiered test in order to reverse the findings of the trial court. First, we "must find from the record that a reasonable factual basis does not exist for the finding of the trial court," and, secondly, we "must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous)." *Cole v. Brookshire Grocery Co.*, 08-1093, p. 2 (La.App. 3 Cir. 3/4/09), 5 So.3d 1010, 1012, *writ denied*, 09-728 (La. 5/15/09), 8 So.3d 589. We must also be mindful of the caution in *Layssard v. State, Department of Public Safety and Corrections*, 07-78, p. 4 (La.App. 3 Cir. 8/08/07), 963 So.2d 1053, 1058, *writ denied*, 07-1821 (La. 11/09/07), 967 So.2d 511, stating that the factors enumerated by our supreme court in *Watson v. State Farm Fire and Casualty Insurance Co.*, 469 So.2d 967, 974 (La.1985) guide our determination, but "the allocation of fault is not an exact science, nor is it the search for a precise ratio" and that, instead, we are determining whether the allocated fault falls within a certain range that does not violate the manifest error rule.

Louisiana Revised Statutes 32:75, entitled "Limitations on passing on the left," sets forth the law with regard to a vehicle passing on the left, and provides that:

4

No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.

The evidence showed that Mr. Deville used his turn signal and began to turn his vehicle before Ms. Broussard started her passing maneuver. We agree with the trial court that the testimony of Mr. Deville and the independent witness, Mr. Wayland Istre, confirm that Mr. Deville made certain that he could complete his turn safely (and had begun his turn well before Ms. Broussard started her passing maneuver) and, therefore, fulfilled his obligation as a left-turning motorist. Mr. Deville used his turn signal and looked in front and behind his vehicle to determine that there were no oncoming vehicles. The evidence also showed that Ms. Broussard was traveling at a high rate of speed when she attempted to pass several vehicles. Based on the record before us, we cannot find that a reasonable factual basis does not exist for the trial court's finding that Ms. Broussard was one hundred percent (100%) at fault in causing the accident. The evidence clearly supports the trial court's finding of fault on the part of Ms. Broussard. Having so found, we cannot say that the trial court's finding was manifestly erroneous and must affirm the trial court's judgment allocating one hundred percent (100%) of the fault to Ms. Broussard and dismissing Plaintiffs' claims.

We now turn to Defendants' answer to appeal. Since we have affirmed the trial court's allocation of one hundred percent (100%) of fault to Ms. Broussard, the issues raised in Defendants' answer to appeal are moot.

**DECREE**

For all of the foregoing reasons, the judgment of the trial court is affirmed in its entirety. All costs of this appeal are assessed to Plaintiffs/Appellants.

**AFFIRMED.**

WILLIAM BOYD

VERSUS

THE WACKENHUT CORPORATION, ET AL.

COOKS, J., dissenting.

I respectfully dissent from the majority's opinion affirming the trial court's assessment of one hundred percent (100%) fault against Ms. Broussard and finding Mr. Deville free from fault.

Initially, I note there can be little question but that the actions of Ms. Broussard contributed to the accident in question. As the trial court noted, she attempted the dangerous maneuver of passing a line of vehicles, including an eighteen wheeler, a dump truck and the vehicle driven by Mr. Deville, which was a van with a trailer attached containing various equipment. The testimony also established Ms. Broussard was traveling at a high rate of speed when she attempted the passing maneuver. This court in *Kilpatrick v. Alliance Casualty and Reinsurance Co.*, 95-17, p. 4 (La.App. 3 Cir. 7/5/95), 663 So.2d 62, 66, *writ denied*, 95-2018 (La. 11/17/95), 664 So.2d 406, specifically noted an "overtaking and passing motorist must exercise a high degree of care because [he or she is] engaged in dangerous maneuvers." We further stated "the driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the roadway, the passing can be completed with safety." *Id*. I agree the evidence supported the trial court's finding of fault on the part of Ms. Broussard.

However, the finding that Ms. Broussard was at fault, does not end the inquiry in this matter. The Louisiana Legislature in its wisdom enacted the comparative fault statute, La.Civ.Code art. 2323, for situations where the actions of more than one party contributed to an accident. Plaintiffs submit the facts in this case present such a scenario. After a thorough review of the record, I agree.

La.R.S. 32:104 imposes certain duties on a left-turning motorist who must signal his intent to turn at least 100 feet from the turning point and take steps to ensure that the maneuver can be made safely. The giving of a signal, however, is immaterial if the driver of the turning vehicle did not have the opportunity to make the turn safely. *Wesley v. Home Indem. Co.*, 148 So.2d 333 (La.App. 1 Cir.1962), *judgment affirmed*, 245 La. 133, 157 So.2d 467 (1963). He must make certain the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right of way to such vehicles. *Lang v. Cage*, 554 So.2d 1312 (La.App. 1 Cir.1989), *writ denied*, 558 So.2d 605 (La.1990). In a vehicular collision case, a plaintiff may take advantage of a presumption of the left-turning motorist's negligence when the plaintiff proves the defendant executed a left-hand turn and crossed the center line at the time of impact. *Thomas v. Champion Ins. Co.*, 603 So.2d 765 (La.App. 3 Cir.1992). Accordingly, the burden rests heavily on the motorist who desires to make a left turn to explain how the accident occurred and to show he is free of negligence. *Miller v. Leonard*, 588 So.2d 79 (La.1991).

The record is clear Ms. Broussard had to pass an eighteen wheeler and a dump truck before reaching Mr. Deville's van. The majority states that the evidence shows Mr. Deville "had begun his turn well before Ms. Broussard started her passing maneuver." I find the record does not support this statement. Of particular note is the testimony of Wayland Istre, the driver of the dump truck, who stated he looked in his rearview mirror just before the accident, and he saw Ms. Broussard's "little blue car"

coming when it was "in back of the eighteen-wheeler probably twenty (20) yards, thirty (30) yards, when I seen it." Ms. Broussard's vehicle then had to travel the remaining distance to the eighteen wheeler, then past the eighteen wheeler, and the dump truck before colliding with Mr. Deville's tractor. The evidence overwhelmingly establishes that Ms. Broussard's vehicle was visible for a significant distance prior to the accident and her passing maneuver was underway well prior to Mr. Deville beginning his left turn. It is clear had Mr. Deville looked in his side view mirror before beginning his turn he would have seen Ms. Broussard's vehicle in the passing lane. The evidence convinces me that Mr. Deville failed to see what he should have seen; and, thus, his negligence was a contributing cause of the accident.        T h i s court has consistently recognized the significant responsibility placed on a left-turning vehicle. In *Prejean v. Rabalais*, 08-436 (La.App. 3 Cir. 12/10/08), 998 So.2d 1225, this court imposed ten (10) percent fault on a motorist who was stopped, with her blinker on waiting to turn left, when a truck *fleeing a hit and run accident* passed her at an excessive rate of speed in a no passing zone. We reasoned that the driver did not look in her side view mirror before turning left, and if she had, the accident likely would have been averted even though she did look in her rearview mirror but saw only the car behind her which was also waiting to turn left. *Id*.

In *Kilpatrick*, 663 So.2d 62, this court found the trial court manifestly erroneous in finding that a passing motorist, Mr. Kilpatrick, was seventy (70) percent at fault and the left turning motorist, Mr. McManus, was thirty (30) percent at fault. In reallocating fault one hundred (100) percent to Mr. McManus, we noted when the accident occurred, Mr. Kilpatrick had almost fully completed his passing maneuver. We reasoned had Mr. McManus looked backward immediately prior to turning, he would have seen that he could not make the turn safely.

Thus, I find the trial court manifestly erred in not apportioning some degree of

fault to Mr. Deville for his negligence, which the record established was a contributing cause of the accident. The trial court's failure to do so, and the majority's affirmance of that failure, thwart the purpose of the comparative fault statute, La.Civ.Code art. 2323, which was enacted for situations such as what occurred here.

-4-