COOKS, J.,
dissenting.
|,I respectfully dissent from the majority’s opinion affirming the trial court’s assessment of one hundred percent (100%) fault against Ms. Broussard and finding Mr. Deville free from fault. •
Initially, I note there can be little question but that the actions of Ms. Broussard contributed to the accident in question. As the trial court noted, she attempted the dangerous maneuver of passing a line of vehicles, including an eighteen wheeler, a dump truck and the vehicle driven by Mr. Deville, which was a van with a trailer attached containing various equipment. The testimony also established Ms. Brous-sard was traveling at a high rate of speed when she attempted the passing maneuver. This court in Kilpatrick v. Alliance Casualty and Reinsurance Co., 95-17, p. 4 (La.App. 3 Cir. 7/5/95), 663 So.2d 62, 66, writ denied, 95-2018 (La.11/17/95), 664 So.2d 406, specifically noted an “overtaking and passing motorist must exercise a high degree of care because [he or she is] engaged in dangerous maneuvers.” We further stated “the driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the roadway, the passing can be completed with safety.” Id. I agree the evidence supported the trial court’s finding of fault on|2the part of Ms. Broussard.
*907 However, the finding that Ms. Brous-sard was at fault, does not end the inquiry-in this matter. The Louisiana Legislature in its wisdom enacted the comparative fault statute, La.Civ.Code art. 2323, for situations where the actions of more than one party contributed to an accident. Plaintiffs submit the facts in this case present such a scenario. After a thorough review of the record, I agree.
La.R.S. 32:104 imposes certain duties on a left-turning motorist who must signal his intent to turn at least 100 feet from the turning point and take steps to ensure that the maneuver can be made safely. The giving of a signal, however, is immaterial if the driver of the turning vehicle did not have the opportunity to make the turn safely. Wesley v. Home Indem. Co., 148 So.2d 333 (La.App. 1 Cir.1962), judgment affirmed, 245 La. 133, 157 So.2d 467 (1963). He must make certain the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right of way to such vehicles. Lang v. Cage, 554 So.2d 1312 (La.App. 1 Cir.1989), writ denied, 558 So.2d 605 (La.1990). In a vehicular collision case, a plaintiff may take advantage of a presumption of the left-turning motorist’s negligence when the plaintiff proves the defendant executed a left-hand turn and crossed the center line at the time of impact. Thomas v. Champion Ins. Co., 603 So.2d 765 (La.App. 3 Cir.1992). Accordingly, the burden rests heavily on the motorist who desires to make a left turn to explain how the accident occurred and to show he is free of negligence. Miller v. Leonard, 588 So.2d 79 (La.1991).
The record is clear Ms. Broussard had to pass an eighteen wheeler and a dump truck before reaching Mr. Deville’s van. The majority states that the evidence shows Mr. Deville “had begun his turn well before Ms. Broussard started her passing maneuver.” I find the record does not support this statement. Of particular note is |3the testimony of Wayland Istre, the driver of the dump truck, who stated he looked in his rearview mirror just before the accident, and he saw Ms. Broussard’s “little blue car” coming when it was “in back of the eighteen-wheeler probably twenty (20) yards, thirty (30) yards, when I seen it.” Ms. Broussard’s vehicle then had to travel the remaining distance to the eighteen wheeler, then past the eighteen wheeler, and the dump truck before colliding with Mr. Deville’s tractor. The evidence overwhelmingly establishes that Ms. Broussard’s vehicle was visible for a significant distance prior to the accident and her passing maneuver was underway well prior to Mr. Deville beginning his left turn. It is clear had Mr. Deville looked in his side view mirror before beginning his turn he would have seen Ms. Broussard’s vehicle in the passing lane. The evidence convinces me that Mr. Deville failed to see what he should have seen; and, thus, his negligence was a contributing cause of the accident.
This court has consistently recognized the significant responsibility placed on a left-turning vehicle. In Prejean v. Rabalais, 08-436 (La.App. 3 Cir. 12/10/08), 998 So.2d 1225, this court imposed ten (10) percent fault on a motorist who was stopped, with her blinker on waiting to turn left, when a truck fleeing a hit and run accident passed her at an excessive rate of speed in a no passing zone. We reasoned that the driver did not look in her side view mirror before turning left, and if she had, the accident likely would have been averted even though she did look in her rearview mirror but saw only the car behind her which was also waiting to turn left. Id.
In Kilpatrick, 663 So.2d 62, this court found the trial court manifestly erroneous *908 in finding that a passing motorist, Mr. Kilpatrick, was seventy (70) percent at fault and the left turning motorist, Mr. McManus, was thirty (80) percent at fault. In reallocating fault one hundred (100) percent to Mr. McManus, we noted when the accident occurred, Mr. Kilpatrick had almost fully completed his passing maneuver. |4We reasoned had Mr. McManus looked backward immediately prior to turning, he would have seen that he could not make the turn safely.
Thus, I find the trial court manifestly erred in not apportioning some degree of fault to Mr. Deville for his negligence, which the record established was a contributing cause of the accident. The trial court’s failure to do so, and the majority’s affirmance of that failure, thwart the purpose of the comparative fault statute, La. Civ.Code art. 2323, which was enacted for situations such as what occurred here.