*151
 
 PER CURIAM.
 
 *
 

 | Relator, Juan S. Blanch, Jr., filed a rule for contempt in the trial court, alleging his former spouse violated certain visitation provisions in a custody judgment. The trial court continued the rule for contempt indefinitely on the ground the custody judgment was pending on appeal.
 

 Upon relator’s application, the court of appeal granted the writ but denied relief. Citing La.Code Civ. P. articles 2088 and 3943, the court determined the “trial court erred by continuing the hearing on the basis that the taking of the appeal had divested the court of jurisdiction to hear the Rule for Contempt.” The court of appeal then proceeded to review the rule for contempt on the merits, and concluded “Relator’s allegations in the Rule, even if true, would not support a finding of Contempt against the Respondent.”
 

 We see no error in the court of appeal’s judgment insofar as it finds the trial court is not divested of jurisdiction to consider the rule for contempt pending the appeal. However, we find the court of appeal erred in reaching the merits of the rule for contempt. Because no hearing on the rule for contempt has occurred, the appellate court should not have commented on the merits, if any, of this rule. Instead, the appellate court should have simply reversed the trial court’s ruling indefinitely continuing the rule, and remanded the matter to the trial court for further proceedings. Therefore, we grant relator’s writ application for the sole purpose of clarifying that the merits of the rule for contempt are to be determined on remand in the trial court. 12The appellate court’s comments on this issue are purely
 
 obiter dicta,
 
 and are not binding on the trial court.
 
 See Boyd v. Wackenhut Corp.,
 
 08-1388 (La.10/24/08), 993 So.2d 216.
 

 *
 

 Chief Justice Kimball not participating in this ópinion.