ON REHEARING
PER CURIAM.
| plaintiff, an employee of a subcontractor performing repairs on Wendy’s restaurant, was injured when the top portion of the roof and the overhanging fascia collapsed and fell on him during the demolition process. Subsequently, plaintiff filed the instant petition for damages against various defendants, including Wendy’s International, Inc. (“Wendy’s”). Essentially, plaintiff alleged the restaurant building, as originally constructed, contained a design defect.
Wendy’s moved for summary judgment, which the district court granted. On appeal, the court of appeal reversed the judgment of the district court. In a *413 lengthy opinion, the court of appeal concluded summary judgment was inappropriate, because there were genuine issues of material fact with respect to plaintiffs general negligence and strict liability claims.
Upon Wendy’s application, we granted certiorari to review the correctness of that decision. After conducting oral argument and reviewing the record, we rendered the following judgment on May IB, 2011:
After careful consideration of the record, we find genuine issues of material fact exist. Accordingly, we remand the matter to the trial court for further proceedings.
| ¡Wendy’s now seeks rehearing of this judgment. Although Wendy’s does not seek review of the portion of our judgment remanding the case, it asks us to overrule the court of appeal’s opinion on the ground it contains incorrect analysis inconsistent with the prevailing jurisprudence.
In granting certiorari in this matter, we recognized the case potentially presents some important legal issues. However, after a careful review of the record, we concluded the case, as currently postured, is not well suited for resolution of these issues, due to the existence of fundamental factual disputes which must be resolved by the trier of fact.
The effect of our May 13, 2011 judgment is to hold that the court of appeal reached the correct result in reversing the district court’s grant of summary judgment. It was not our intent to pass on any other issue, or to endorse the court of appeal’s reasoning. To the contrary, once the court of appeal made the finding that genuine issues of material fact existed, any additional statements in its opinion discussing whether plaintiff could prevail under certain theories of law were not essential to the judgment. The appellate court’s comments on these issues are purely obiter dicta, and are not binding on the district court. See Boyd v. Wackenhut Corp., 08-1388 (La.10/24/08), 993 So.2d 216.
Accordingly, rehearing is granted for the sole purpose of clarifying our May 13, 2011 judgment to provide that any comments by the court of appeal concerning potential theories of liability are not binding on the district court on remand. In all other respects, our judgment of May 13, 2011 is reaffirmed.