KNOLL, Justice,
concurring in the result.
| ^though I concur with the majority opinion’s result that the medical malpractice cap enunciated in La. R.S. 40:1299.42(B) is constitutional as applied to those qualified health care providers the Legislature in its law making authority explicitly includes within the ambit of the medical malpractice act, I respectfully decline to join in the dicta regarding the issue of whether nurse practitioners were or were not statutorily covered by the MMA at the time the malpractice occurred in this case.
As stated in brief and at oral arguments and as the majority correctly acknowledges, all parties, including the plaintiffs herein, conceded Nurse Duhon and the Magnolia Clinic were qualified healthcare providers under the MMA. In light of the parties’ repeated concessions, any discussion or statements regarding whether nurse practitioners were statutorily covered by the MMA were inessential to this Court’s judgment regarding the constitutionality of the cap and were, ^therefore, merely surplusage. See State v. Bernard, 09-1178 (La.3/16/10), 31 So.3d 1025, 1029-30. As such, the majority’s comments on these issues are purely obiter dicta and lack any precedential authority or effect. See Meaux v. Wendy’s Intern., Inc., 10-2613, p. 2 (La.5/13/11), 69 So.3d 412, 413 (discussion of issue not essential to judg- *52 merit constituted obiter dicta and not binding on the courts); Boyd v. Wackenhut Corp., 08-1388, p. 1 (La.10/24/08), 993 So.2d 216, 217. Accordingly, I concur in the finding of constitutionality, but not in the discussion of whether nurse practitioners were covered by the MMA prior to the 2009 amendment as this issue was not raised by the parties and was not essential to the judgment on the constitutionality of the cap.