# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1093


**MERDIS COLE, ET AL.**

**VERSUS**

**BROOKSHIRE GROCERY COMPANY**


********** 


APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 6-0377
HONORABLE JESSE PHILLIP TERRELL, JR., CITY COURT JUDGE


**********


**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Michael G. Sullivan, Judges.


**AFFIRMED.**


**David A. Hughes**
**Hughes & LaFleur**
**P. O. Box 1831**
**Alexandria, LA 71309-1831**
**Telephone: (318) 443-4090**
**COUNSEL FOR:**
   **Defendant/Appellant - Brookshire Grocery Company**

**David A. Johnson**
**P. O. Box 8480**
**Alexandria, LA 71306**
**Telephone: (318) 473-2523**
**COUNSEL FOR:**
   **Plaintiffs/Appellees - Jerry Cole and Merdis Cole**

**THIBODEAUX, Chief Judge.**

This case involves a fall by the plaintiff-appellee, Mrs. Merdis Cole, near the outside entrance of Super 1 Foods. Following a bench trial, the trial court issued judgment for Merdis and Jerry Cole in the total amount of $19,029.95. Brookshire Grocery Company, the owner of Super 1 Foods, appeals. We affirm the judgment of the trial court.

I.

## ISSUE

We must decide whether the trial court abused its discretion in finding the defendant grocery store liable for Mrs. Cole's injuries.

II.

## FACTS AND PROCEDURAL HISTORY

At approximately 7:00 p.m. on Friday, July 1, 2005, seventy-year-old Merdis Cole was leaving Super 1 Foods, a grocery store owned by Brookshire Grocery Company ("Brookshire"), when she tripped over a carton of bottled water that had fallen from a display stacked on a pallet outside the front entrance of the store. Mrs. Cole landed on her right side injuring her elbow, arm, neck, hip, leg, and knees. Her husband, Pastor Jerry Cole, had preceded her to the car with the groceries. Upon hearing her call out his name, he came back to help her up, with the assistance of a nearby woman. Upset and embarrassed by the fall, Mrs. Cole went home, but given the amount of pain she was experiencing, went back a short time later with her husband to fill out an accident report. She went to her family physician the following week. Damages are not being contested on appeal.

At trial, testimony was given by the assistant manager of the store, Michael Leonard, and by Mr. and Mrs. Cole. Following trial, the judge found the

store at fault for Mrs. Cole's injuries and awarded her $15,000.00 in general damages, $1,592.95 in past medical expenses, and awarded $2,500.00 to Mr. Cole for loss of consortium.

## III.

## LAW AND DISCUSSION

### Standard of Review

An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A two-tiered test must be applied in order to reverse the findings of the trial court:

1). [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and

2). [t]he appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).

*Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987) (quoting *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1979)).

Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux*, 365 So.2d 1330. Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is "convinced that had it been sitting as the trier of fact, it would have weighed that evidence differently." *Housely v. Cerise*, 579 So.2d 973, 976 (La.1991) (quoting *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990)). The basis for this principle of review is grounded not only upon the better capacity of the trial

2

court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

## Analysis

Brookshire contends that the trial court committed an error of law in finding that the Coles met their burden of proof in establishing fault on the part of the defendant. We disagree. Causation is a fact question. *Mart*, 505 So.2d 1120. The trial court was not manifestly wrong in finding that the evidence proved Brookshire's liability for Mrs. Cole's injuries. As cited by Brookshire, La.R.S. 9:2800.6 (emphasis added), governs merchant liability, providing as follows:

§ 2800.6. Burden of proof in claims against merchants

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant *either created or had actual or constructive notice of the condition* which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is

3

insufficient, alone, to prove failure to exercise reasonable care.

C.  Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

In the present case, Mrs. Cole drew a diagram of the front of the grocery store showing three front entrances; her route of exit; the location of the display of bottled water by the door; and the location of the errant carton of water that caused her fall. Mrs. Cole exited through the middle door right next to the display of shrink-wrapped, twelve-bottle water cartons stacked on a pallet. She did not notice the display going in or coming out. As Mrs. Cole stated at trial, she "never bought stuff outside." Coming out of the door, Mrs. Cole crossed to her left toward her car. The package that she tripped over was directly in her path. Mrs. Cole testified that she was not looking down, but was looking up and out toward her car and watching for traffic as she was about to enter a parking lot.

It is uncontested that the assistant manager, Michael Leonard, found the fallen carton of water on the pavement and picked it up and placed it back on the stack, apparently unaware that there had been an accident shortly before he found the carton out of place. It is not known how long the water had been displaced from the stack, but it is not contested that the entire pallet of stacked water cartons was located outside the store right by the front door. Brookshire, citing rainy day cases, argues that Mrs. Cole did not establish the "temporal" element of time that the courts have

discussed in deciding constructive knowledge issues. We assume Brookshire is referring to the fallen carton of water. However, we do not believe that it is necessary to prove constructive notice in this case because La.R.S. 9:2800.6(B)(2) states that the plaintiff must show that the defendant *created* the harm **or** had *actual **or** constructive notice* of the harmful condition. In this case, the defendant *created* the risk of harm.

More specifically, under the facts of this case, we find that the entire stack of cartons right outside a main entrance, in or near the direct path of customers entering or leaving the store, presented an unreasonable risk of harm and that it was foreseeable that a carton, or the whole display, could fall in the path of a customer. When Mr. Leonard referred to the water display at trial, he stated: "We had a vendor set those up." He, therefore, admitted that Brookshire *created* the condition and had *actual* notice of the condition. Further, Brookshire failed to exercise reasonable care in placing a pallet of stacked twelve-bottle water cartons at an outside entrance, where there are no shopping isles, basically using its store front as storage and requiring the invited public to traverse the area.

IV.

**CONCLUSION**

Based upon the foregoing, we affirm the trial court's judgment awarding the Coles a total of $19,029.95 plus legal interest from the date of judicial demand. All costs of this appeal are taxed against Brookshire Grocery Company.

**AFFIRMED.**

5