NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-406**

LIZ MARIE NOEL SMITH

VERSUS

ALLSTATE INSURANCE
COMPANY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 70,463
HONORABLE KEITH J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Luke Edwards, Attorney at Law**
**1313 Lafayette Street**
**P.O. Box 3483**
**Lafayette, LA 70502**
**Counsel for Plaintiff-Appellee:**
**Liz Marie Noel Smith**

**C. Shannon Hardy, Attorney at Law**
**Penny & Hardy, APLC**
**P.O. Box 2187**
**Lafayette, LA 70502**
**Counsel for Defendants-Appellants:**
**Daryl Hardy, Kalen Hardy, and Allstate Insurance Company**

**PAINTER, Judge.**

Defendants appeal the trial court's finding of liability on their part to Plaintiff, Liz Marie Noel Smith, for injuries allegedly sustained when she fell through some concrete steps at a house owned by Daryl and Kalen Hardy and insured by Allstate Insurance Company. For the following reasons, we affirm the trial court's finding of liability.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning sometime in the year 2000, Daryl and Kalen Hardy leased a house in St. Martin Parish to Rodney Smith, the husband of Plaintiff, Liz Marie Noel Smith. Mrs. Smith, however, did not reside at this house with Mr. Smith as they were separated. The house is an elevated home with a set of pre-cast concrete steps. The steps were original to the house and had never been replaced. Mrs. Smith testified that she visited the house on a daily basis since she and Mr. Smith shared custody of their adopted daughter.

On June 23, 2005, Mrs. Smith allegedly injured herself when her left leg went through the steps as the steps caved in when she placed her weight (which was approximately 280 pounds) on the top step. As a result of this incident, Mrs. Smith filed suit against the Hardys and their insurer, Allstate Insurance Company. The parties agreed to bifurcate the trial on liability and waive a jury for that purpose only. Following a bench trial, the trial court found liability on the part of Defendants. Specifically, the trial court found that Mr. Hardy knew or should have known that there was a defect in the steps and that had he exercised reasonable care, he would have found the defect in the steps.

## DISCUSSION

Louisiana Civil Code Article 2317. 1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Louisiana Civil Code Article 2322 provides:

1

The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Therefore, a plaintiff who alleges a cause of action under this statute must prove the following:

(1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care.

*Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591, p. 4 (La.App. 3 Cir. 11/05/08), 997 So.2d 814, 817.

The findings regarding the existence of a vice or defect and constructive or actual knowledge are findings of fact that we review under the manifest error standard of review. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Furthermore:

Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux* [*v. Domingue*, 365 So.2d 1330 (La.1979)]. Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is "convinced that had it been sitting as the trier of fact, it would have weighed that evidence differently." *Housely v. Cerise*, 579 So.2d 973, 976 (La.1991) (quoting *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990)). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

*Cole v. Brookshire Grocery Co.*, 08-1093, pp. 2-3 (La.App. 3 Cir. 3/4/09), 5 So.3d 1010, 1012, *writ denied*, 09-728 (La. 5/15/09), 8 So.3d 589."

Mrs. Smith testified that she had not noticed anything to make her concerned about the steps prior to her fall. Mr. Smith, who had lived in the house for about five years at the time of the incident, testified that he noticed a "hairline crack" on the right hand side

2

of the steps while pressure washing them. He also noticed that on the top step, "little pieces" were "flying" as if the steps had been patched sometime earlier. Mr. Smith also testified that he mentioned the "hairline crack" but not the issue with the top step to Mr. Hardy. Mr. Smith further testified that upon mentioning this to Mr. Hardy, Mr. Hardy got on the steps and "he kind of shook around," and, after that, Mr. Hardy said that there was nothing wrong with the steps. Mr. Smith testified that after the pressure washing incident, he did have doubts about the safety of the steps but did not mention anything further to Mr. Hardy. The pressure washing incident occurred some months before the subject incident. Mr. Smith could not remember whether the conversation with Mr. Hardy was four to five months or as much as a year before the incident. Mr. Smith moved out of the house shortly after this incident.

Mr. Hardy, who is a maintenance supervisor for South Landry Housing, testified that he could not recall a conversation with Mr. Smith about the steps. He did not testify that such a conversation did not occur, just that he could not remember one way or another. Mr. Hardy further testified that after the accident, he demolished the steps and replaced them. Mr. Hardy also stated that during the time that Mr. Smith lived in the house, he would visit Mr. Smith once or twice per month either to collect the rent or just to visit with Mr. Smith. Mr. Hardy testified that Mr. Smith never requested that he do any repairs to the house and that he did not do any repairs to the house while Mr. Smith resided there. Mr. Hardy also stated that he never had any concerns abut the safety of the steps prior to Mrs. Smith's fall.

There was dispute over whether the Hardys owned the property in question or as to whether Mrs. Smith fell through the steps. The trial court found, from pictures that were jointly introduced into evidence, that the "hairline crack" noted by Mr. Smith started closer to the ground and went all the way from the side of the steps and across the top of the steps and that this was a vice or defect. The trial court also found that because Mr. Smith mentioned this crack to Mr. Hardy, Mr. Hardy should have know that there was a defect in the steps and that had he exercised reasonable care, Mr. Hardy would have found that there was a vice and defect in the steps. Accordingly, the trial court found that

3

Defendants were liable to Mrs. Smith. After our review of the record, we find no manifest error in this finding.

## DECREE

For all of the foregoing reasons, we affirm the trial court's finding of liability on the part of Defendants-Appellants, Daryl and Kalen Hardy and their insurer, Allstate Insurance Company. All costs of this appeal are assessed to Defendants-Appellants.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.