# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-662

ANTHONY LAVALAIS

VERSUS

STATE OF LOUISIANA, THROUGH [THE]
DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT

************

## APPEAL FROM THE
## TWELFTH JUDICIAL DISTRICT COURT
## PARISH OF AVOYELLES, NO. 2006-8815-A
## MARK A. JEANSONNE, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.

**REVERSED.**

**Cory P. Roy**
**Beau R. Layfield**
**Law Offices of Cory P. Roy**
**107 North Washington Street**
**Post Office Box 544**
**Marksville, Louisiana 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Anthony Lavalais**

**James D. "Buddy" Caldwell, Attorney General**
**Paula E. Miles, Assistant Attorney General**
**Louisiana Department of Justice**
**Division of Risk Litigation**
**429 Murray Street, 4th Floor (71301)**
**Post Office Box 1710**
**Alexandria, Louisiana 71309-1710**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **State of Louisiana, through the Department**
     **of Transportation and Development**

**GENOVESE, Judge.**

In this personal injury action arising out of a motor vehicle accident, Defendant, the State of Louisiana, through the Department of Transportation and Development (the DOTD), appeals the trial court's judgment assessing it with fifty percent fault in causing the accident and casting it in judgment for $25,000.00 in damages in accordance therewith. For the following reasons, we reverse the trial court's judgment.

<u>FACTS</u>

At approximately 7:40 p.m. on January 14, 2005, Plaintiff, Anthony Lavalais, was traveling northbound on Louisiana Highway 1 in Avoyelles Parish, Louisiana. As he approached the intersection of Louisiana Highway 1 and Louisiana Highway 1194, Mr. Lavalais collided with a truck that was stopped at the intersection due to a prior accident. Mr. Lavalais instituted suit against the DOTD alleging that "[d]ue to the defective design and conditions in the highway, [he] was unable to visually observe the traffic congestion and collided into other vehicles."

The matter proceeded to bench trial on the sole issue of liability. At the conclusion of the trial, the trial court gave the following oral reasons for judgment:

> Time and space of course after an accident with or without a concussion can escape you but a lot hinges on what I draw as an inescapable conclusion from [Mr. Lavalais'] testimony that he [sic] obviously these lights and sirens are not there when the [P]laintiff comes to the scene. If they were there, I don't think we would have had this accident.

Based upon the jurisprudence referenced in its oral reasons for judgment,[1] and the "un-controverted" testimony of Mr. Lavalais, the trial court assessed fifty percent of the fault for the accident to Mr. Lavalais and fifty percent of the fault for the accident

---

[1]In its oral reasons for judgment, the trial court discussed *Nunez v. Commercial Union Insurance Co.*, 00-106 (La.App. 3 Cir. 8/23/00), 774 So.2d 208, *reversed in part on other grounds*, 00-3062 (La. 2/26/01), 780 So.2d 348, which, in its opinion, "was similar."

to the DOTD. The trial court then awarded damages of $25,000.00 pursuant to the stipulation of the parties.[2] A judgment in accordance therewith was signed by the trial court on March 23, 2009. It is from said judgment that the DOTD appeals.

## ASSIGNMENTS OF ERROR

The DOTD asserts that the trial court erred in allocating fifty percent fault to it since there was no evidence that the DOTD had a "duty to provide lights and sirens" or that the DOTD "had knowledge of the accidents." Additionally, the DOTD contends that the trial court erred in finding it at fault due to the absence of "evidence to show that the highway was defective" and that the DOTD "had notice of any defects."

## STANDARD OF REVIEW

An appellate court is to apply the manifest error standard of review to a factfinder's allocation of fault. *Cheairs v. State, Dep't of Transp. and Dev.*, 03-680 (La. 12/3/03), 861 So.2d 536. As this court recently stated:

> A two-tiered test must be applied in order to reverse the findings of the trial court:
>
> 1). [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
>
> 2). [t]he appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).
>
> *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987) (quoting *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1979)).

*Cole v. Brookshire Grocery Co.*, 08-1093, p. 2 (La.App. 3 Cir. 3/4/09), 5 So.3d 1010,

---

[2]The parties stipulated that the damages did not exceed $50,000.00, exclusive of interest and costs. Thus, the trial court awarded damages as limited by the stipulation of $50,000.00 and granted judgment in favor of Mr. Lavalais against the DOTD for the sum of $25,000.00, which represents fifty percent of the $50,000.00 stipulated cap on damages.

1012, *writ denied*, 09-728 (La. 5/15/09), 8 So.3d 589.

## LAW AND DISCUSSION

The DOTD asserts in brief that Mr. Lavalais failed to prove that it "had a duty to provide lights and sirens following the original accident at the intersection at issue in this case." On this issue, the DOTD presents the following arguments:

1) The DOTD would point out first, that it is the sole defendant in this case, and there has been no evidence to show that lights and/or sirens at the accident scene were within [the] DOTD's control. Nor has there been any evidence introduced to establish that the DOTD had any reason to know of the preceding accident, such that lights and sirens should be provided to warn subsequent motorist of the first accident at the scene.

2) Second, the [P]laintiff never alleged in his petition that the lighting conditions at the scene were defective or played any role in causing the accident. This failure placed the DOTD in the position of being ambushed at trial with this allegation, with no reasonable opportunity to defend against it.

3) Third, notwithstanding the fact that the [P]laintiff failed to establish a duty on the part of the DOTD to provide lights and sirens at the scene of this accident, and having failed to introduce any evidence that the DOTD was even aware of the preceding accident, the [P]laintiff has utterly failed to provide sufficient evidence offered to prove that the lighting at the scene of the accident played any causative role whatsoever.

We agree. Mr. Lavalais failed to establish that the DOTD had a duty to provide lights and sirens at the accident scene. We find that the record is void of any evidence whatsoever tending to establish such a duty on the part of the DOTD. Additionally, we find the jurisprudence relied upon by the trial court to be distinguishable.

Based upon the evidence presented, the trial court concluded that such a duty on the part of the DOTD existed, citing *Nunez*, 774 So.2d 208. However, not only are the facts of *Nunez* readily distinguishable from the case at bar, the defendant in *Nunez* to which fault was assessed was the Department of Public Safety and Corrections, not

3

the DOTD. These are two different departments of the State of Louisiana with separate and distinct legal authority and responsibility. Mr. Lavalais failed to establish any facts evidencing a duty on the part of the DOTD relative to lights and/or sirens in this case. For these reasons, we do not find *Nunez* to be relevant authority for the trial court's conclusion that the DOTD had a duty in the instant case relative to lights and/or sirens at the accident scene.

The only two witnesses to testify at the trial of this matter were Mr. Lavalais and Sheriff Doug Anderson of the Avoyelles Parish Sheriff's Office.[3] Neither Mr. Lavalais nor Sheriff Anderson were qualified as experts, and neither were employees of the DOTD; therefore, neither of these witnesses testified, nor were they capable of testifying, that the DOTD had custody or control of the intersection. Neither of these witnesses testified, nor were they capable of testifying, that the DOTD had custody or control over lighting and/or sirens at the intersection. And, neither of these witnesses testified, nor were they capable of testifying, that the DOTD had knowledge of the preceding accident.

The DOTD also argues to this court that the trial court erred in granting Mr. Lavalais relief due to the absence of "evidence to show that the highway was defective" and/or that the DOTD "had notice of any defects." We agree.

Paragraph "V." of Mr. Lavalais' Petition for Damages alleges that the subject accident "was caused by the gross negligence" of the DOTD. Our Louisiana Supreme Court, in *Lockett v. State, Department of Transportation and Development*, 03-1767, pp. 10-11 (La. 2/25/04), 869 So.2d 87, 95, set forth the law relative to the DOTD's liability for highway-related accidents as follows:

---

[3]On January 14, 2005, Sheriff Anderson, then employed by the Louisiana State Police, was called upon to investigate the subject accident.

4

A plaintiff may proceed against the State through DOTD under either a theory of negligence or a theory of strict liability. *Netecke v. State ex rel. DOTD*, 98-1182, p. 7 (La.10/19/99), 747 So.2d 489, 494. In order for DOTD to be held liable, the burden of proof is the same under either theory, and the plaintiff bears the burden of showing that:

(1) DOTD had custody of the thing that caused the plaintiff's injuries or damages;

(2) the thing was defective because it had a condition that created an unreasonable risk of harm;

(3) DOTD had actual or constructive knowledge of the defect and failed to take corrective measures within a reasonable time; and

(4) the defect in the thing was a cause-in-fact of the plaintiff's injuries.

*Id*.

In addition to failing to establish the requisite element of custody or control, our review of the record confirms that Mr. Lavalais presented absolutely no evidence to show that the roadway was defective in either design or construction. Moreover, the Plaintiff himself denied that the slope of the roadway, as it approached the intersection, caused him any difficultly in seeing the preceding accident. Additionally, Mr. Lavalais failed to establish that the DOTD had actual or constructive knowledge of any alleged defect.

On the issue of defect, Mr. Lavalais, in brief, references the testimony of Sheriff Anderson wherein he stated that the slope of the roadway "could" cause visibility problems. However, we note that Sheriff Anderson was not qualified as an expert in any field and, therefore, was not competent to render an expert opinion on an alleged defective condition of the roadway. Additionally, such speculation on the part of Sheriff Anderson is insufficient to establish the presence of a defect as asserted by Mr. Lavalais.

5

Sheriff Anderson's testimony that other accidents had occurred in this area also fails to establish the requisite element of notice on the part of the DOTD as argued by Mr. Lavalais. Of particular note is Sheriff Anderson's testimony that these prior accidents were "not similar accidents." We agree with the DOTD that "[t]his testimony offers no support to [Mr. Lavalais'] contention that the [DOTD] had notice of an alleged defective road condition."

For the foregoing reasons, we find that there is no reasonable factual basis for the trial court's assessment of fifty percent of the fault for the subject accident to the DOTD. Therefore, we find that the trial court's decision in this case was manifestly erroneous and clearly wrong.

## DECREE

For the foregoing reasons, the judgment of the trial court allocating fifty percent of the fault for the subject accident to the State of Louisiana, through the Department of Transportation and Development, and casting it in judgment in the amount of $25,000.00 is reversed. Costs of this appeal are assessed to Anthony Lavalais.

**REVERSED.**