# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2010

No. 09-31193

Lyle W. Cayce
Clerk

DONNA L. CATES

Plaintiff - Appellant

v.

DILLARD DEPARTMENT STORES, INC.; ABC INSURANCE COMPANY

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Donna Cates ("Cates") sued Dillard Department Stores, Inc. ("Dillard") in Louisiana state court after she slipped and fell in a Dillard store, alleging that her fall was caused by a plastic "wet floor" sign that an employee had negligently left in a high-traffic area of the store. After removal, the district court granted summary judgment to Dillard, which Cates appeals. Because there is a genuine issue of material fact as to whether Dillard created an unreasonable risk of harm and whether it failed to exercise reasonable care, we vacate the district court's judgment and remand for proceedings not inconsistent with this opinion.

No. 09-31193

## I.

On December 22, 2006, Donna Cates and her mother were walking through the cosmetics area of a Dillard department store when Cates fell, allegedly because she stepped on a "wet floor" sign that had fallen over and was lying flat in the aisle. The store's maintenance employee, Robert Williams, testified that he could not recall when the sign had been left in the area.

Williams testified that his normal procedure, three or four days a week, was to mop the floor before the store opened, placing wet floor signs near the areas he had mopped, and that he always tried to gather the signs (after checking that the floor had dried) before the store opened for the day. He also testified that he probably would not have had time to wet-mop on the morning in question because the store opened early for Christmas shopping (two hours before the accident); as such, it was possible the sign had been left from the day before. He testified that it is also possible the sign was left up from a spot-mop (*i.e.*, mopping up a spill), which could have occurred at any time. Witnesses testified that the store was especially crowded on the day of the accident because of the holiday season, that the cosmetics section was the busiest part of the store, and that there were extra display cases in the cosmetics section that partially blocked the main aisles.

Cates sued in Louisiana state court. After removal, the district court granted summary judgment to Dillard, which Cates timely appealed.

## II.

We are asked to decide whether the district court properly granted summary judgment to Dillard on Cates's premises liability claim. A grant of summary judgment is reviewed *de novo*. *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

2

No. 09-31193

judgment as a matter of law." FED. R. CIV. P. 56(c)(2). We resolve doubts and draw reasonable inferences in favor of the nonmovant, Cates. *Langhoff Props. LLC v. BP Prods. N.A., Inc.*, 519 F.3d 256, 260 (5th Cir. 2008). Under this standard, we conclude that a genuine issue of material fact exists as to whether the wet floor sign in question presented an unreasonable risk of harm and whether Dillard exercised reasonable care.

This dispute is governed by Louisiana's premises liability statute, which provides that a claimant must prove (1) the condition that caused the injury created an unreasonable risk of harm, (2) the merchant created or had constructive notice of the condition, and (3) the merchant failed to exercise reasonable care. LA. REV. STAT. ANN. § 9:2800.6 (2009).[*]

---

[*] The statute provides in relevant part that:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:

No. 09-31193

Beginning with the second element, Cates clearly has not produced sufficient evidence to show that Dillard had actual or constructive notice of a *collapsed* wet floor sign. Under Louisiana law, constructive notice requires a showing that the dangerous condition existed for "some time period" prior to the fall. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1084. Cates submitted no evidence as to the length of time that the sign had been collapsed. However, Cates further argues that the *upright* wet floor sign presented an unreasonable risk of harm. Because a Dillard employee placed the sign on the floor and thus created the condition at issue, Cates met her burden on the element of notice. *See Ruby v. Jaeger*, 1999-1235, p. 4 (La. App. 4 Cir. 3/22/00); 759 So. 2d 905, 907, *writ denied*, 2000-1396 (La. 6/30/01); 766 So. 2d 542.

We next address whether an upright wet floor sign may present an unreasonable risk of harm. Under Louisiana law, the relevant hazardous condition can be something other than the actual item that directly caused the plaintiff to fall. *See, e.g., Cole v. Brookshire Grocery Co.*, 2008-1093, p. 5 (La. App. 3 Cir. 3/4/09); 5 So. 3d 1010, 1014, *writ denied*, 2009-0728 (La. 5/15/09); 8 So. 3d 589; *Franovich v. K-Mart Corp.*, 94-1039, p. 6–8 (La. App. 5 Cir. 3/28/95); 653 So. 2d 695, 698. Other courts have held that a genuine issue of fact exists as to whether a standing wet floor sign is a hazard when placed in heavily trafficked areas of a merchant's premises, particularly during times when it is known that the area will be crowded. *See Am. Multi-Cinema, Inc. v. Brown*, 679

---

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

LA. REV. STAT. ANN. § 9:2800.6 (2009).

4

No. 09-31193

S.E.2d 25, 29–30 (Ga. 2009); *Luthy v. Denny's, Inc.*, 782 S.W.2d 661, 663 (Mo. Ct. App. 1989). Cates presented deposition testimony that Dillard employees knew the cosmetics section of the store would be especially crowded on the day of her injury. Mr. Williams testified that the area "swamps" during the holiday season. There was also testimony that multiple display cases made the walkways narrow; that a person approaching the location of the fallen sign from at least one direction would not be able to see the sign even when it was upright; that wet floor signs can become tripping hazards when improperly placed; and that it was foreseeable based on the sign's location that it would be contacted and collapse. In view of this testimony, we conclude that Cates presented a genuine issue of fact as to whether the upright wet floor sign presented an unreasonable risk of harm and whether the risk of harm was reasonably foreseeable.

For similar reasons, we are persuaded that there exists a genuine issue of fact as to whether Dillard exercised reasonable care. If, as Cates alleges, the store lacked a uniform cleanup or safety procedure, that alone is insufficient to prove Dillard's failure to exercise reasonable care. LA. REV. STAT. ANN. § 9:2800.6(B)(3) (2009). However, Cates presented further evidence concerning the congestion in the cosmetics area on the day of the accident, the extra display cases placed along the aisles, and the amount of time that the sign likely had been standing in the cosmetics area. This evidence was sufficient to raise triable issues of fact.

## III.

We emphatically do not hold that a merchant breaches its duty of care by placing notice of slippery floor conditions on a floor that is slippery. But in this case the evidence was sufficient for a reasonable jury to infer that a "wet floor" sign had been left standing long after the floor had dried in an area known to be heavily congested, that this condition presented an unreasonable risk of harm, and that Dillard failed to exercise reasonable care. The judgment of the district

No. 09-31193

court is VACATED, and the case is REMANDED for proceedings not inconsistent with this opinion.

VACATED and REMANDED.