# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 3, 2011

Lyle W. Cayce
Clerk

No. 11-30200
Summary Calendar

STEVE DOYLE, III,

Plaintiff - Appellant

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-cv-470

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Steven Doyle appeals the district court's grant of summary judgment in favor of Union Pacific Railroad Company ("Union Pacific") on his claims for damages resulting from injuries sustained in an automobile-train accident, which occurred on March 5, 2009. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## FACTS AND PROCEEDINGS

Many of the material facts are not in dispute. On the evening of March 5, 2009, after playing cards and consuming a half pint of whiskey, Doyle attempted to drive across a set of railroad tracks near his house in Eunice, Louisiana around 5:30 p.m. While crossing those tracks, a train operated by Union Pacific collided with his car. The railroad crossing was marked with lights and a crossbuck signal. Doyle admitted to not looking in either direction before crossing the tracks. A toxicology report, taken roughly an hour after the accident, showed Doyle's blood-alcohol concentration ("BAC") was .108%, which is in excess of Louisiana's legal driving limit of .08%. LA. REV. STAT. § 14:98.

The only factual issues in dispute are whether the crossing signals were working at the time of the accident and whether the train sounded its horn prior to approaching the crossing. Doyle claims that the signals were not working and the conductor did not sound the horn prior to the accident. In support of his claim, Doyle submitted the testimony of his sister, Felicia Allen, who stated that she did not hear the train's whistle prior to the accident and that she did not see the crossing lights working when she arrived at the scene forty minutes later. Allen, who lives four blocks away from the crossing and was in her home at the time of the accident, testified that she was not actively listening for the whistle prior to the accident and did not witness the accident. Furthermore, she could not testify as to whether the crossing lights were working at the time of the accident.

The defendant presented the affidavits of Captain Thibodeaux and Mark Pollan and the testimony of Dr. Susan Shelnutt. Thibodeaux, the first police officer who responded to the scene of the accident, stated that the railroad crossing signals were operational and were functioning during his on-scene investigation. Pollan, the Manager of the Event Recorder Center for Union

2

Pacific, reviews and analyzes the information downloaded from trains' data event recorders and summarizes the findings. After reviewing and analyzing the data from the event recorder of the locomotive involved in the accident, Pollan stated that the data showed the engineer began sounding the train's horn 2,306 feet prior to the stop of the train for a total of 25 seconds. Lastly, Shelnutt, a toxicologist, testified that Doyle's BAC at the time of the accident was most likely .112%, with a possible range of 0.103% to 0.127%. She testified that Doyle's calculated BAC at the time of the accident was well above levels associated with impairment and that he would have had a significantly increased risk of being involved in a vehicular accident.

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed de novo. *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a).

## ANALYSIS

Doyle's claim is barred by statute. Louisiana Revised Statute § 9:2798.4 provides that no person "shall be liable for damages . . . for injury or loss of the operator of a motor vehicle" when (1) the operator is legally intoxicated, (2) the operator is more than twenty-five percent negligent, and (3) his negligence is a contributing factor in the accident. *See Lyncker v. Design Eng'g, Inc.*, 51 So. 3d 137, 142 (La. Ct. App. 2010) (concluding that "any reasonable fact finder would be compelled to find Plaintiff in excess of twenty-five percent negligent" where plaintiff's BAC was significantly over the legal limit). The evidence conclusively establishes that Doyle was intoxicated and failed to look both ways before crossing the tracks, in violation of Louisiana Revised Statute § 32:175.

Moreover, Doyle provided no factual support for his claims that the crossing lights were not working and that the train's engineer did not sound the horn prior to the accident. Allen's testimony provides insufficient evidence because she was not present during the accident and could not testify as to what specifically took place. The defendant provided affidavits from two individuals, Thibodeaux and Pollan, who stated that the lights were properly working and that the engineer sounded the horn prior to the accident, respectively. There is no genuine issue of material fact. Summary judgment is appropriate because no reasonable juror could find either that Union Pacific was negligent or that Doyle was less than 25% contributorily negligent due to his intoxication and failure to look for oncoming trains.

## CONCLUSION

For the reasons stated above, we affirm the district court's grant of summary judgment.