# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2014

Lyle W. Cayce
Clerk

NORMAL SINCLAIR,

Plaintiff-Appellant

v.

PETCO ANIMAL SUPPLIES STORES, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6179

Before JOLLY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Normal Sinclair ("Sinclair") sued Defendant-Appellant Petco Animal Supplies Stores, Inc. ("Petco") in state court, alleging that Petco's negligence in failing to maintain a safe premises caused Sinclair to injure himself when he slipped and fell on merchandise near the checkout counter in one of Petco's stores. Petco removed the action to federal court. Petco filed a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Sinclair subsequently filed a motion to amend his complaint, which the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court granted. The district court then granted Petco's motion to dismiss. Sinclair timely appealed.

"We review *de novo* a district court order granting a Rule 12(b)(6) motion to dismiss for failure to state a claim and may affirm on any basis supported by the record." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013). We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint must fail if it offers only naked assertions devoid of further factual enhancement." *Doe v. Robertson*, 751 F.3d 383, 387 (2014) (internal quotation marks and citation omitted).

Sinclair argues first that the district court erred in dismissing his complaint for failure to state a claim. Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. Ann. § 9:2800.6(A). In a premises-liability action, the plaintiff has the burden of proving, "in addition to all other elements of his cause of action," the following: "(1) [t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable"; "(2) [t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"; and "(3) [t]he merchant failed to exercise reasonable care." *Id.* at (B). "'Constructive notice' means the [plaintiff] has proven that the condition existed for such a period of time that

No. 14-30091

it would have been discovered if the merchant had exercised reasonable care." *Id.* at (C)(1). "Under Louisiana law, constructive notice requires a showing that the dangerous condition existed for 'some time period' prior to the fall." *Cates v. Dillard Dept. Stores, Inc.*, 624 F.3d 695, 697 (5th Cir. 2010) (citing *White v. Wal–Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997)).

Sinclair alleges that Petco's "negligent acts and/or omissions," including its failure "to maintain its premises in a safe and hazard free condition," were the "sole and proximate cause of the injuries and damages" he sustained. Sinclair alleges further that Petco "knew or should have known of the hazardous condition of its aisles, passageways and checkout counter path" and that the merchandise on which he allegedly tripped "presented an unreasonable risk of harm to customers."[1] These allegations offer no more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement"; they are thus insufficient to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Accordingly, the district court did not err in dismissing Sinclair's complaint for failure to state a claim.[2]

Sinclair argues second that the district court abused its discretion in denying him leave to amend his complaint a second time after the district court

---

[1] Our review of the district court's dismissal pursuant to Rule 12(b)(6) is limited to the allegations in the pleadings (here, Sinclair's complaint and amended complaint). *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *United States v. Cont'l Common, Inc.*, 553 F.3d 869, 872 n.2 (5th Cir. 2008) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)).

[2] Sinclair's complaint alleges further that "the doctrine of *res ipsa loquitur* applies in this matter." The district court concluded that Sinclair failed to state a claim for relief under the doctrine of *res ipsa loquitur*. On appeal, Sinclair fails to raise any argument with regard to *res ipsa loquitur*; accordingly, that argument is waived. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008); *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 701 n.1 (5th Cir. 2004).

ruled on the motion to dismiss. "Decisions concerning motions to amend are entrusted to the sound discretion of the district court." *Jones v. Robinson Property Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks and citation omitted). The district court may consider multiple factors, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* The district court granted Sinclair leave to amend his complaint once, and Sinclair was unable to cure the deficiencies in his original complaint. Sinclair has failed to demonstrate, in the district court and on appeal, how another amendment would cure the deficiencies in his complaint. Accordingly, the district court did not abuse its discretion in denying Sinclair leave to amend his complaint a second time. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (finding no abuse of discretion where plaintiff had one opportunity to amend, could not correct deficiencies in complaint, and could not show how another amendment would correct deficiencies); *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (explaining that "[a]mong the acceptable justifications for denying leave to amend are . . . repeated failure to cure deficiencies by prior amendment . . . and the futility of the amendment.").

We AFFIRM the district court's judgment. We further DENY Appellee's opposed motion to strike portions of Appellant's brief.