# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2020

Lyle W. Cayce
Clerk

No. 20-30020

Lisa Buchanan,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores, Incorporated; Wal-Mart Louisiana, L.L.C.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-01314

---

Before Graves, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Lisa Buchanan appeals the district court's denial of her motion to amend and its grant of summary judgment to Wal-Mart in this diversity action for damages resulting from a slip and fall. Finding no error, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30020

## Facts and Procedural History

On June 20, 2016, Lisa Buchanan was shopping at the Wal-Mart store in Jena, Louisiana. Buchanan parked in a handicapped[1] space near the garden center, took a shopping cart left in the parking lot and loaded some bags of potting soil underneath the cart, then pushed the cart into the store.[2] Shortly thereafter, Buchanan exited the store sans the cart but with her phone in one hand and her wallet in the other.[3] As Buchanan was walking toward her vehicle, she heard something and looked to the right. At that moment, Buchanan tripped on uneven concrete, twisted her left ankle and fell, suffering an injury to her right knee. The uneven portion of the pavement was adjacent to an area containing a water faucet and surrounded by yellow posts or bollards. During her deposition, Buchanan estimated that the variation in the concrete was "about an inch and a half to two inches sticking up, I would say."

Buchanan called her husband, who advised her to take a photo of the uneven concrete where she fell. Buchanan also called the store from her vehicle to let them know she had fallen and was later advised by Kelli Barker, who was an assistant manager, to return to fill out some paperwork. Buchanan said she returned later that day to fill out an incident report and Barker took photos of Buchanan's knee and the area where she fell. Buchanan returned to the store a few days later to take additional photos

---

[1] Buchanan has rheumatoid arthritis.

[2] The record contains surveillance video of the incident.

[3] Buchanan said she could not find what she was looking for in the store and denies that any heated exchange occurred over her not being able to check out in the garden center. However, Wayne Gilliam, a law and garden associate, submitted a written report that said Buchanan was upset because there was no cashier in the lawn and garden center, and she cussed him out. For whatever reason, Buchanan then left her cart with the potting soil and exited the store.

No. 20-30020

because her knee was still hurting. Buchanan said she sought medical treatment for her knee two or three days later. Buchanan said she was concerned because she had just had surgery on her left knee, but her right knee was hurting from the fall.[4] In August, Buchanan had an X-ray and steroid injection in her right knee. Buchanan said she attempted physical therapy, but eventually had to have surgery.[5] In November of 2016, Buchanan underwent a total right knee replacement and started physical therapy.[6]

Buchanan filed suit against Wal-Mart in state court in 2017. Wal-Mart then removed the action to federal court in October of 2017. Buchanan sent an email to Wal-Mart on December 5, 2018, to inquire about scheduling an expert inspection of the parking lot for December 27, 2018. Specifically, the email stated, "[m]y expert is getting crunched for time by the holidays, but has asked if he can inspect the Wal Mart parking lot on Dec. 27 at 2:00. Let me know. Thanks." Wal-Mart replied the following morning, stating: "WM has a blackout period through 1/1/19 where they don't want the lawyers going to the store or contacting the associates because of the holiday rush. I have no problem consenting to a continuance of your deadline if you're [sic] expert will do the inspection after 1/1/19." Buchanan responded on December 17, stating: "My expert would like to do the inspection on Jan 11 if this is good for you. It should not take very long. I'm preparing a joing [sic]

---

[4] Buchanan was taking Oxycodone four times per day during that time period for her left knee but said she had not taken it before the fall because she was on her way to physical therapy.

[5] Buchanan said she had not had problems with her right knee prior to the fall but medical records indicate she had previously complained of right knee pain to various doctors in 2014. She also had a history of falling.

[6] Unrelated to the fall, Buchanan subsequently had a total knee replacement on her left knee as well.

No. 20-30020

motion to extend the deadline to Feb 4.  Thanks."  Buchanan asserts that sometime between the time she requested the inspection and the time of the actual inspection on January 11, 2019, Wal-Mart made repairs to the defective condition, depriving her and her expert, architect Ladd Ehlinger, of the ability to have the area inspected and document the height of the drop-off which caused her to fall.  Regardless, Ehlinger inspected the repaired area, as well as various photographs, and determined that Buchanan's fall was due to a pothole that was approximately one to two inches deep.  However, Ehlinger failed to attach any evidence or photographs to his report.

The district court's pretrial orders established a deadline of September 9, 2018 for amending the pleadings.  Buchanan alleges that Wal-Mart destroyed evidence, i.e., made the repairs, sometime between December of 2018 and January 11, 2019, which was after the deadline for amending the pleadings had passed.[7]  On January 29, 2019, Buchanan moved to amend her petition to add a spoliation claim.  Wal-Mart opposed the motion on the basis that Buchanan failed to provide any evidence that the repairs were made after her request on December 5, 2018 to inspect the area and the inspection on January 11, 2019.  Further, Wal-Mart asserted that Buchanan obtained photographs, measurements and diagrams during an earlier inspection.  The district court denied the motion on July 1, 2019, stating, "[t]he opposition is well taken, and this proposed amendment is beyond the period allowed in the court's scheduling order."

On April 30, 2019, Wal-Mart moved for summary judgment on the basis that Buchanan could not meet her burden of proof under the provisions of the Louisiana Merchants Liability Act, La. Rev. Stat. Ann. § 9:2800.6.

---

[7] Counsel for Wal-Mart likewise asserts no knowledge of any repairs during that time.

4

No. 20-30020

Buchanan opposed the motion. On December 18, 2019, the district court granted summary judgment and dismissed Buchanan's claims with prejudice, reasoning that the uneven expansion joint was not unreasonably dangerous under Louisiana law. Thereafter, Buchanan filed this appeal.

## Standard of Review

We review a district court's grant of summary judgment de novo. *Burge v. St. Tammany Parish*, 336 F.3d 363, 374 (5th Cir. 2003). Summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A district court's decision to deny a motion for leave to amend is reviewed for an abuse of discretion. *S&W Enter., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir.2003).

## Discussion

### I. Whether the district court abused its discretion in denying Buchanan's motion to amend her petition to allege spoliation.

Buchanan asserts that the district court erred in denying her motion to amend her petition to allege spoliation. As set out above, we review the denial of a motion to amend for an abuse of discretion. Buchanan asserts that Wal-Mart's repair of the area in question prevented her expert from measuring the height differential and documenting the scene. Further, Buchanan argues that Wal-Mart intentionally took this action after she had scheduled an inspection of the scene.

Because the spoliation occurred after the deadline for amending pleadings, Buchanan asserts that Rule 15 of the Federal Rules of Civil Procedure requires that she should have been given leave to amend her petition to add the claim of spoliation and to submit evidence of the spoliation

No. 20-30020

in opposition to Wal-Mart's motion for summary judgment.[8]  However, as Wal-Mart argues and Buchanan concedes in her reply brief, Rule 16(b) applies once a scheduling order has been issued by the district court.  *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2013).  Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, Buchanan must first show good cause before "the more liberal standard of Rule 15(a) will apply."  *Id.*  To establish good cause, Buchanan must show: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id.*; *see also S&W Enter.*, 315 F.3d at 536.  For the reasons stated herein, we conclude that Buchanan is unable to establish either good cause or that the district court abused its discretion.

As this court has recognized, "[t]he Louisiana tort of spoliation of evidence provides a cause of action for an intentional destruction of evidence carried out for the purpose of depriving an opposing party of its use."  *Burge*, 336 F.3d at 374.  Intent is a necessary element.  *See id.*; *see also Pham v. Contico Int'l, Inc.*, 759 So.2d 880, 883-84 (La. App. 5 Cir. 3/22/00).

Buchanan's proposed amended complaint failed to allege facts showing that Wal-Mart intentionally destroyed evidence with the intent of depriving her with its use.  *See Burge*, 336 F.3d at 374.  The record establishes that Buchanan and/or her representatives visited the scene multiple times.  Additionally, the request for the inspection at issue here was some two-and-

---

[8] Rule 15 states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

No. 20-30020

a-half-years after the fall.[9]  At an earlier inspection, which was prior to filing suit and much closer in time to Buchanan's actual fall, measurements, along with photographs and diagrams, indicated an approximate one-inch vertical separation.  Moreover, Brad Herrington, an asset protection associate with Wal-Mart, took photographs and measurements of the expansion joint where Buchanan fell showing a vertical separation of approximately one inch.  This is consistent with Buchanan's measurements and with Ehlinger's report.  Buchanan is unable to show any need for amendment necessary to establish good cause, much less any intentional destruction or deprivation.  Thus, Buchanan fails to establish that the district court abused its discretion.

**II. Whether the district court erred in deciding by summary judgment that the parking lot was not unreasonably dangerous.**

Buchanan asserts that there are genuine issues of material fact as to the height variance at the expansion joint and whether it was unreasonably dangerous.  In support of that assertion, Buchanan cites her deposition testimony where she estimated that the variation in the concrete was "about an inch and a half to two inches sticking up, I would say."  However, as stated previously, Buchanan's own measurements contradict her deposition estimate.

Generally, under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which

---

[9] This is notable because Ehlinger stated in his report that he believed the vertical edge of the expansion joint where Buchanan fell increased slowly over time which indicates a measurement closer in time to the fall would be more accurate.

No. 20-30020

reasonably might give rise to damage." La. Rev. Stat. Ann. § 9:2800.6(A). To establish liability, a claimant must prove:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. Ann. § 9:2800.6(B); *see also Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010).

The district court found, based on Louisiana case law, that Buchanan could not establish a genuine dispute of material fact regarding whether the uneven pavement constituted an unreasonable risk of harm, an essential element of her claim. *See Chambers v. Vill. of Moreauville*, 11-898, 85 So. 3d 593, 598 (La. 1/24/12) ("Louisiana jurisprudence has consistently held that a one-and-one half inch deviation does not generally present an unreasonable risk of harm."); *Reed v. Wal-Mart Stores, Inc.*, 97-1174, 708 So. 2d 362, 365-66 (La. 3/4/98) (height variance of one-fourth to one-half inch between concrete blocks in parking lot did not present an unreasonable risk of harm); *Boyle v. Bd. of Sup'rs, La. State Univ.*, 96-1158, 685 So. 2d 1080, 1082-84 (La. 1/14/97) (depression of up to one inch in a sidewalk did not pose unreasonable risk of harm); *Leonard v. Par. of Jefferson*, 05-32, 902 So.2d 502, 505 (La. App. 5 Cir. 4/26/05) (sidewalk height differential of one inch to one-and-one-third inch did not present unreasonable risk of harm); *White v. City of Alexandria*, 43 So. 2d 618, 619-20 (La. 1949) (variance of one-half to two inches on a sidewalk did not present unforeseeable risk of harm).

The district court further found that there was no evidence that any Wal-Mart employee was aware of the height-variance or failed to exercise reasonable care. Additionally, the district court found that a risk-utility analysis of the parking lot conditions weighs against a finding that the uneven surface presented an unreasonable risk of harm. The district court also found that the condition was open and obvious, stating that it found "it disingenuous for Buchanan to argue the defect wasn't open and obvious when she was not paying attention to the path she travelled at the time of her fall."

Under *Smith v. Winn Dixie Montgomery, LLC*, 13-194, 2014 WL2740405 (M.D. La. June 17, 2014), "if the risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable, and the defendant has no duty to warn or protect against it." *Id.* at *3 (internal marks omitted). However, the relevant inquiry is whether the hazard is open and obvious to all and not just Buchanan. *Ray v. Stage Stores, Inc.*, 640 F. App'x 322, 325-26 (5th Cir. 2016) (citing *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, 113 So.3d 175, 188 (La. 4/5/13). Here, the record does not indicate evidence of any other falls, the area in question was surrounding the water faucet, which was marked with brightly colored bollards, and the variation is clearly visible even in photographs. Also, as the Louisiana Supreme Court has said, "[i]t is common for the surfaces of streets, sidewalks, and parking lots to be irregular." *Reed*, 708 So. 2d at 363. "It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. These surfaces are not required to be smooth and lacking in deviations ...." *Id.* For these reasons, we conclude that the district court did not err in granting Wal-Mart's motion for summary judgment.

No. 20-30020

## CONCLUSION

Because the district court did not abuse its discretion in denying Buchanan's motion to amend and did not err in granting Wal-Mart's motion for summary judgment, we AFFIRM.